c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| NELDA MASON, Plaintiff | CIVIL ACTION NO. 1:17-CV-00744 |
| VERSUS | JUDGE DRELL |
| ROBERTA DANZA, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (Doc. 15) filed by Plaintiff Nelda Mason ("Mason"). Mason alleges the amount in controversy does not exceed $75,000. Defendants Roberta Danza ("Danza") and Titan Indemnity Company ("Titan") (collectively "Defendants") consent to the motion. (Doc. 19). Because Defendants failed to carry their burden of establishing that Mason's damages, more likely than not, exceed $75,000, Mason's Motion to Remand (Doc. 15) should be granted.

## I. Background

Mason filed a Petition for Damages in the Seventh Judicial District Court, Concordia Parish, Louisiana, against Defendants. (Doc. 1, p. 8-12/15). Mason alleges a motor vehicle collision took place on May 17, 2016, causing her serious injuries. (Doc. 1, p. 8/15). Mason further alleges Titan is responsible for compensatory damages under its liability insurance policy issued to Danza, and Danza and Titan are liable *in solido* to Mason. (Doc. 1, p. 10/15). Mason seeks penalties against Titan for failure to pay within thirty days of satisfactory proof of loss. (Doc. 1, p. 11/15). Mason seeks monetary damages, costs, and judicial interest as well. (Doc. 1, p. 11/15).

Defendants removed, asserting diversity jurisdiction. (Doc. 1). At the time of removal, Titan alleges that, on the face of Mason's petition, there were plausible allegations that the amount in controversy exceeded the jurisdictional threshold. (Doc. 1). Titan cites Mason's allegations of "serious injuries" to "various parts of her body, including, but not limited to, the following: neck, back, arms, hands, legs, general soreness to his[sic] entire body." (Doc. 1). Further, Titan cites Mason's request for damages for physical pain and suffering; mental pain, anguish, and distress; medical expenses; loss of enjoyment of life; disability; impairment of earning capacity; lost wages; and any and all other damages. (Doc. 1). Defendants answered Mason's Petition, asserting various affirmative defenses. (Docs. 11, 14).

Mason filed this Motion to Remand (Doc. 15), asserting her claim does not exceed $75,000, and that this Court has no subject matter jurisdiction. Mason attached a stipulation that the value of her case, including interest and costs, does not exceed $75,000. (Doc. 15-1). Mason also attached discovery, medical bills, and medical records supporting her argument that her claim does not exceed the jurisdictional threshold. (Doc. 15). Defendants responded with a consent to remand. (Doc. 19).

## II. Law and Analysis

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. See Scarlott v. Nissan N. Am., Inc., 771 F.3d 883, 887 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The diversity statute – 28 U.S.C. § 1332 – is satisfied upon a showing of: (1) diversity of citizenship between the parties; and (2) an amount in controversy in excess of $75,000, exclusive of interest and costs. The Court has "an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006). This duty persists throughout all phases of the litigation, even after trial and the entry of final judgment. See id. at 506-7.

There is no dispute there is complete diversity of citizenship between the parties.[1] (Doc. 1). The remaining question is whether the jurisdictional amount in controversy is satisfied.

Louisiana law forbids plaintiffs in state court from pleading a specific numerical value of damages. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing La. Code Civ. Pro. art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court on the basis of diversity, the removing defendant must prove, by a preponderance of evidence, that the amount in controversy exceeds $75,000. Id. (citing Lucket v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999)); see also De Aguilar v. Boeing Co., 47 F. 3d 1404, 1408 (5th Cir. 1995). Courts consider "the claims in the state court petition as they existed at the time of removal." Manguno v. Prudential Prop. & Cas. Co., 276 F.3d 720, 723 (5th Cir. 2002) (citing Cavallini v. State Farm Mut. Auto. Ins. Co., 44 F.3d 256, 264 (5th

[1] Mason is a citizen of Louisiana. (Doc. 1). Danza is a citizen of North Carolina. Titan alleges it is a corporation incorporated in the state of Arizona, with its principal place of business in Arizona. (Doc. 1). Titan is a citizen of Arizona. (Doc. 1).

Cir. 1995)). "Any ambiguities are construed against removal and in favor of remand to state court." Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013).

"A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is 'facially apparent' from the plaintiffs' pleadings alone, or by submitting summary-judgment-type evidence." Robertson v. Exxon Mobil Corp., 814 F.3d 236, 240 (5th Cir. 2015); Lucket, 171 F.3d at 298.

Here, Titan's notice alleges the jurisdictional threshold is facially apparent from Mason's petition. (Doc. 1). Titan's notice of removal need only assert a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice does not need to contain evidentiary submissions. Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S. Ct. 547, 554 (2014). However, "in the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied, see § 1446(c)(2)(B)." Id. at 550.[2]

Mason entered a post-removal stipulation of fact that "the value of the case, including interest and costs, does not exceed $75,000." (Doc. 15-1). In support, Mason submitted her medical bills and medical records, in addition to her discovery responses. (Docs. 15-1, 15-2, 15-3, 15-4).

[2] "Prior to Dart Cherokee, a removing defendant could satisfy its burden of supporting federal jurisdiction by establishing that it was 'facially apparent' from the petition that the claims probably exceed $75,000." Felton v. Greyhound Lines, Inc., 324 F.3d 771, 774 (5th Cir. 2003); accord St. Paul Reinsurance Co. v. Greenberg, 134 F.3d 1250, 1254 (5th Cir. 1998). It is unclear, however, whether this alternative method of proof survives Dart Cherokee. See Statin v. Deutsche Bank Nat. Trust Co., 599 Fed. Appx. 545, 546 n.1 (5th Cir. 2014) (noting the potential change wrought by Dart Cherokee); Akins v. Ace Am. Ins. Co., 2015 WL 566678, at *2 (M.D. La. Feb. 10, 2015) (questioning whether the 5th Circuit framework remains viable after Dart Cherokee). Clark v. Logan's Roadhouse, Inc., 2015 WL 9307333, at *2 (W.D. La. 2015).

Mason shows her medical expenses total $13,865.00 for treatment from the date of the accident to December 5, 2016. (Docs. 15-2, 15-3, 15-4). Mason also shows there are no lost wages being asserted, and general damages are estimated at $20,000. (Doc. 15-2). Mason had an initial emergency room visit at Riverland Medical Center for a "strained neck." (Doc. 15-4). Mason treated from June 15, 2016 through December 5, 2016 at Miss-Lou Physical Therapy, Inc. (Doc. 15-3). Mason asserts her treatment consisted of approximately seven months treatment for soft tissue injury of the neck and back, ending in December 2016. (Docs. 16; 15-3). Further, Mason asserts she found no precedence for nearly $61,000 in general damages for a seven month soft tissue injury. (Doc. 16).

Defendants did not oppose the motion to remand, and did not assert any additional facts or evidence which would support removal jurisdiction. (Doc. 19). Considering the lack of opposition and the fact that it is Defendants' burden to establish that federal jurisdiction exists, see De Aguilar, 47 F.3d at 1408, the Court finds no subject matter jurisdiction. Remand is warranted.

## III. Conclusion

For the foregoing reasons,

IT IS RECOMMENDED that Mason's Motion to Remand (Doc. 15) be GRANTED and this case be REMANDED to the Seventh Judicial District Court for the Parish of Concordia, State of Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from

service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 28th day of December, 2017.

Joseph H.L. Perez-Montes
United States Magistrate Judge